IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kevin Morris, individually, and as the parent and natural guardian of E.M., a minor, and as the Personal Representative of the Estate of Katherine Marie Tompeck,<br><br>Plaintiff,<br><br>v.<br><br>Richland County, Sheriff Leon Lott, Kyle Oliver, Michael Caughman, Gary Atkinson, John Doe Deputies,<br><br>Defendants. | C/A: 3:23-cv-760-SAL-SVH<br><br><br>**ORDER** |

Plaintiff Kevin Morris and Katherine Tompeck originally filed this action in the Richland County Court of Common Pleas, alleging causes of action for violations of their Fourth Amendment rights under 42 U.S.C. § 1983 as well as various state law claims. The action was removed to this court on February 24, 2023. [ECF No. 1.] On March 29, 2023, Plaintiff filed a motion to remand, arguing the notice of removal was not timely filed. [ECF No. 7.] This matter is before the court on the Report and Recommendation ("Report") issued by United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending denial of the motion to remand. [ECF No. 16.] Plaintiff filed objections to the Report, ECF No. 17, and Defendants replied, ECF No. 20. This matter is ripe for the court's review.

**BACKGROUND AND PROCEDURAL HISTORY**

This case arises out of an incident on September 1, 2018, where deputies from the Richland County Sheriff's Office entered Plaintiff and Tompeck's home and arrested Tompeck for the crime

1

of reckless driving. *See* ECF No. 1-1 at 30–37. Plaintiff and Tompeck filed the original complaint on August 14, 2020, against Richland County, Richland County Sheriff's Office, Kyle Oliver, Michael Caughmas, and "John Doe Deputies." [ECF No. 1-1 at 3–24.] Following discovery, Gary Atkinson was identified as one of the "John Doe Deputies" referenced and pictured in the complaint. On September 28, 2022, Plaintiff filed an amended complaint naming Atkinson as a defendant.[1] [ECF No. 1-1 at 27–49.]

Atttorney Robert D. Garfield accepted service on Atkinson's behalf on February 1, 2023. [ECF No. 1-2 at 1.] On February 24, 2023, Atkinson filed a notice of removal, which was joined by Defendants Richland County, Sheriff Lott, Oliver, and Caughman, all of whom are represented by Garfield. [ECF No. 1 at 1–3.]

On March 29, 2023, Plaintiff moved to remand this case to state court. [ECF No. 7.] Defendants oppose the motion. [ECF No. 14.]

On May 30, 2023, the magistrate judge issued her Report recommending that the motion to remand be denied. [ECF No. 16.] Based on *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), the magistrate judge reasons that "Atkinson's time to remove the action was triggered when he was served notice of the action . . . on February 1, 2023, when Garfield entered an appearance with his permission and on his behalf." [ECF No. 16 at 11–12.] Thus, the removal less than 30 days later, on February 24, 2023, was timely. *Id.* at 12.

Plaintiff objects to the recommendation. [ECF No. 17.]

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation

---

[1] Tompeck passed away after the original complaint was filed, so Plaintiff as the parent and natural guardian of E.M. and as the personal representative of Tompeck's estate filed the amended complaint.

2

has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). A district court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, need only conduct a de novo review of the specific portions of the magistrate judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). Without specific objections to portions of the Report, this court need not provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Dunlap*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017) (citing *Diamond v. Colonial Life & Accident Ins. Col*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby*, 718 F.2d at 200; *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).

**DISCUSSION**

Having reviewed the Report, the objections, and record in this case, the court agrees that the notice of removal was timely filed. Section 1441 of Title 28 states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction [ ] may be removed by the defendant or the defendants[.]" 28 U.S.C. § 1441(a). However, to be timely "[t]he notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" *Id.* at § 1446(b). In *Murphy Bros.*, the Supreme Court held "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'though service or otherwise,' after and apart from service of the summons, *but not by mere receipt of the complaint unattended by any formal service*." 526 U.S. at 347–48 (emphasis added).

Plaintiff does not dispute Atkinson filed a notice of removal within 30 days of the date counsel was served on his behalf. *See* ECF No. 7-1 at 4. But Plaintiff argues removal was not timely because Atkinson should have been on notice that he was a defendant in this action based on the numerous references to him in the complaint, which had been served on Atkinson's employer, and media attention about this case. *See* ECF No. 17 at 4–6. Plaintiff offers two objections to the magistrate judge's recommendation—one based on the facts and one based on the law. These objections are addressed in turn below.

First, Plaintiff objects to the magistrate judge's reliance on an affidavit by Atkinson in which Atkinson averred he had no notice of this suit until January 31, 2023. *See* ECF No. 14-1 at 1. According to Plaintiff, Atkinson's claims are "at best willfully ignorant and at worst disingenuous." *Id.* at 6. But, as Defendants point out in their response to Plaintiff's objections,

4

Plaintiff has offered no evidence to counter Atkinson's affidavit. [ECF No. 20 at 2.] Nor has Plaintiff offered any other basis on which the court should reject the affidavit. The court thus overrules Plaintiff's objection.

In his second objection, Plaintiff argues the facts of *Murphy Bros.*, which the magistrate judge relied on, "greatly differ from the present matter." [ECF No 17 at 7.] In particular, he notes that *Murphy Bros.* "did not contemplate the timeliness of removal in a case involving multiple defendants, including John Doe defendants identified by explicit descriptions and photographs in an initial complaint." *Id.* He further argues this case is distinguishable because "it involves the employer of the now removing defendant being formally served with process over two (2) years before the attempted removal" and "the employer defendant having the same counsel as the now removing defendant." *Id.* Certainly, the aspects of this case that Plaintiff highlights are unique and differentiate it from the facts of *Murphy Bros.* But based on the court's review of the law, these distinctions make no difference to the ultimate disposition. That is, the Supreme Court made clear in *Murphy Bros.* that formal service was required to trigger a defendant's time for removal. In that opinion, the Court also rejected a "so-called 'receipt rule'" that would "set removal apart from all other responsive acts, to render removal the sole instance in which one's procedural rights slip away before service of the summons, *i.e.*, before one is subject to any court's authority." *Murphy Bros.*, 526 U.S. at 356. *Murphy Bros.* is both controlling and applicable here. Atkinson's ability and obligation to remove this action was not triggered until formal service.[2] So, we overrule Plaintiff's objection.

---

[2] Plaintiff urges the court that under S.C. R. Civ. P. 15(c) and Fed. R. Civ. P. 15, "[i]f the original complaint alleges a sufficient basis to infer that a defendant 'knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him[,]' then the amended pleading relates back to the original for removal purposes." [ECF No. 17 at 5.] The court must disagree with this interpretation. As explained in the Report, while

5

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court adopts the Report, ECF No. 16, and incorporates it by reference here. The court **DENIES** Plaintiff's motion to remand. [ECF No. 7.] This matter remains with the magistrate judge for preliminary matters.

**IT IS SO ORDERED.**

November 13, 2023
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

S.C. R. Civ. P. 15(c) could be relevant to the issue of timely removal if removal was based on diversity of citizenship, that is not the case here. *See* ECF No. 16 at 8–9. Rule 15 has no bearing on the court's analysis.